UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-59-KAC-DCP |
| | ) | |
| JAKOB ISAIAH PRESCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jakob Isaiah Prescott's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 15], filed on December 19, 2025.

Defendant requests the Court to continue the motion deadline, set for December 19, 2025, the plea deadline, set for December 29, 2025, and the trial date, set for January 27, 2026 [*Id.* ¶ 1]. In support of his motion, Defendant states that his counsel requires additional time to allow for research and investigation to be completed to assist in the determination as to whether pretrial motions should be filed [*Id.* ¶ 2]. Defendant made his initial appearance on November 21, 2025, and received an initial discovery disclosure shortly thereafter [*Id.*]. Defendant was released on conditions on December 4, 2025, with one condition being that he re-enter a local substance abuse treatment facility [*Id.*]. Defendant represents that he is currently in the program and is in compliance with his conditions, but states that as a result of his program participation, his counsel has not had time to discuss discovery with him or determine whether any pretrial motions are appropriate [*Id.*]. In addition to needing time to review discovery, Defendant's counsel needs additional time to review the sentencing guidelines with Defendant and the potential impact of a

conviction [*Id.*]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 5]. Defendant understands the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 4].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to review discovery, confer with counsel, consider pretrial motions and otherwise prepare for trial. The Court finds that all of this cannot occur before the January 27, 2026 trial date.

The Court therefore **GRANTS** Defendant Jakob Isaiah Prescott's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 15**]. The trial of this case is reset to **May 12, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 19, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jakob Isaiah Prescott's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 15**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 12, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 19, 2025**, and the new trial date of **May 12, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is **January 26, 2026**. The deadline for responding to pretrial motions is **February 9, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 10, 2026**;

(6) the deadline for filing motions *in limine* is **April 27, 2026**, and responses to motions *in limine* are due on or before **May 5, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 23, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 1, 2026.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge