UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| V. | ) | No. 3:25-CR-59-KAC-DCP |
| | ) | |
| JAKOB ISAIAH PRESCOTT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION**

This case is before the Court in accordance with the Federal Rules of Criminal Procedure and the applicable provisions of the Bail Reform Act, 18 U.S.C. § 3148. *See* 28 U.S.C. § 636.(a)–(b). On December 4, 2025, The undersigned released Defendant on an Order Setting Conditions of Release [Doc. 14; Doc. 13, Minutes]. On January 9, 2026, the Court signed the Petition for Action on Conditions of Pretrial Release ("the Petition") prepared by the United States Probation Office [Doc. 17]. The Petition alleges that Defendant violated several conditions of his release [*Id.*]. On January 13, 2026, Defendant appeared before the undersigned for an initial appearance on the Petition [Doc. 18, Minutes]. At the hearing, Defendant was represented by Assistant Federal Defender Nicholas Wallace, and Assistant United States Attorney Frank Dale, Jr. represented the Government.

After being sworn in due form of law, Defendant was informed or reminded of his privilege against self-incrimination. It was determined that Defendant had been provided with a copy of the Petition and had the opportunity to review the Petition with counsel. By agreement of the parties, the revocation hearing on the Petition was set for February 3, 2026 [*Id.*]. On January 29, 2026, Defendant filed an Unopposed Motion to Continue Final Revocation and Detention Hearing [Doc.

21]. The undersigned granted the continuation of the revocation hearing [Doc. 23], which was ultimately set for February 24, 2026.[1] On February 19, 2026, Defendant filed a Notice of Consent of Revocation of Pretrial Release Conditions, representing that in light of his consent to revocation of pretrial release, a hearing on the matter was no longer needed and explaining that "the parties have been negotiating a plea agreement to the Indictment . . . [that] is expected to be formalized soon" [Doc. 24 pp. 1–2]. Defendant states that he "consents to the revocation of his previously imposed pretrial release conditions" [*Id.* at 2].

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Defendant has been advised of his right to a hearing and, after consultation with counsel and with the advice of counsel, waived the hearing and agreed to the revocation of his pretrial release. Therefore, due to the representations of Defendant, the Court finds that by clear and convincing evidence that Defendant has violated a condition of his release, that "there is no condition or combination of conditions of release that will assure" that Defendant "will not flee or pose a danger to the safety of any other person or the community," and that Defendant "is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(A)–(B).

It is therefore **ORDERED** that:

(1) The Order Setting Conditions of Release [Doc. 14] is hereby **REVOKED**, and Defendant shall be detained pending trial or further proceedings before the District Judge;

(2) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent

---

[1] The hearing was rescheduled multiple times before being ultimately set for February 24, 2026 [*See* Doc. 23 and two Notices entered 2/04/26].

2

Case 3:25-cr-00059-KAC-DCP   Document 25   Filed 02/23/26   Page 2 of 3   PageID #: 50

practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal Service for the purpose of an appearance in connection with any court proceeding; and

(5) The final revocation hearing set for February 24, 2026, before the undersigned is **CANCELED**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

3

Case 3:25-cr-00059-KAC-DCP   Document 25   Filed 02/23/26   Page 3 of 3   PageID #: 51